United States District Court
Southern District of Texas

**ENTERED**

May 07, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABIOLA OLUBUNMI ADAMOLEKUN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-080 |
| | § | |
| WARDEN OF EL VALLE DETENTION | § | |
| FACILITY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Abiola Olubunmi Adamolekun is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment. She also alleges that her detention violated her rights under the Fourth Amendment of the Constitution of the United States.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which addressed Petitioner's statutory arguments. The Court ordered Petitioner to file a statement "explaining why [*Buenrostro*] does not result in denial of her Petition." (Order, Doc. 4) In her responsive Statement (Doc. 5), Petitioner recognizes that *Buenrostro* forecloses any statutory basis for relief, but she asserts that the categorical denial of bond violates her Fifth Amendment substantive due process rights, and that her warrantless arrest violated the Fourth Amendment.

For the following reasons, the Court concludes that Petitioner is not entitled to relief.

1 / 3

### I.

Petitioner argues that her continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates her Fifth Amendment substantive due process rights. (Statement, Doc. 5, 3)

Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her substantive due process rights under the Fifth Amendment.

### II.

Petitioner alleges that her warrantless arrest violated her Fourth Amendment rights, stating that there is "no justification beyond naked statutory authority" for her arrest. (Statement, Doc. 5, 3)

The Court finds that this claim fails as a matter of law.  Respondents arrested Petitioner based on Section 1225(b)(2)(A), and the Court has found that Respondents lawfully detain

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

Petitioner based on that statute.  The law authorized Respondents to arrest Petitioner as long as they have "probable cause of removability." *City of El Cenizo, Tex. v. Texas*, 890 F.3d 164, 187 (5th Cir. 2018).  Petitioner has not demonstrated that Respondents lacked probable cause.

**III.**

For these reasons, the Court finds that Petitioner does not present a viable claim for relief. As a result, it is:

**ORDERED** that Petitioner Abiola Olubunmi Adamolekun's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is direct to close this case.

Signed on May 7, 2026.

Fernando Rodriguez, Jr.
United States District Judge